UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARTIN-EL, | Case No. 25-10023 |
| Plaintiff, | Linda V. Parker |
| v. | United States District Judge |
| LT A MILLER and UNIVERSAL PROTECTION SERVICES, LLC, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## ORDER ON DEFENDANTS' MOTION TO COMPEL AND ADJOURNMENT OF DATES (ECF No. 25)

Pending before the Court is Defendants Lt. A. Miller and Universal Protection Services' *Motion to Compel Plaintiff's Answers to Discovery, Reappear and Respond to Questions at Deposition and Adjournment of Dates* (ECF No. 25). This case was referred to the undersigned for all pretrial proceedings. (ECF No. 7).

On October 29, 2025, the Parties submitted a stipulated order extending the scheduling order by sixty days. (ECF No. 24). Specifically, the fact discovery deadline was extended to December 15, 2025, and the dispositive motion deadline was extended to January 20, 2026. On January 20, 2026, Defendants filed the instant motion to compel and adjournment of dates. (ECF No. 25). To the extent that Defendant filed a discovery motion over a month beyond the deadline without

seeking leave of the Court or obtaining an extension of the deadline, the motion to compel (ECF No. 25) is **STRICKEN**.

To the extent that Defendants seek a second extension of the deadlines within the scheduling order, the motion for adjournment of dates (ECF No. 25) is **DENIED** with leave to re-file.  While Defendants cite Plaintiff's lack of cooperation with discovery as good cause to extend the discovery and dispositive motion deadline, they failed to provide good cause as to why the motion was untimely filed.  Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure states, in relevant part, that the Court may, for good cause, extend the time for an act "if a request is made, before the original time or its extension expires."  Here, following an extension of the deadlines in this case, discovery closed on December 15, 2025, and Defendants did not move to compel discovery or to extend the deadlines until January 20, 2026, which fell on the dispositive motion deadline.  The Court further notes that Plaintiff now opposes Defendant's motion to extend the deadlines in the scheduling order.  Accordingly, if Defendants wish to re-file their motion to extend the deadlines, they must show that their failure to file before time had expired is "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 27, 2026                               s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2026, by electronic means and/or ordinary mail.

                                                     s/Sara Krause
                                                     Case Manager
                                                     (810) 341-7850

3