UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARTIN-EL,                                    Case No. 25-10023

                                    Plaintiff,

v.                                                   Linda V. Parker
                                                     United States District Judge

LT A MILLER and UNIVERSAL                            Curtis Ivy, Jr.
PROTECTION SERVICES, LLC,                            United States Magistrate Judge

                                    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTIONS FOR LEAVE (ECF Nos. 30, 31)**

Pending before the Court is Defendants Lt. A. Miller and Universal

Protection Services' *Motion for Leave of the Court to Accept the Late Filing of*

*Defendants' Summary Judgment* (ECF No. 30) and *Motion for Leave to File Media*

*Files in Support of Defendants' Motion for Summary Judgment* (ECF No. 31).

This case was referred to the undersigned for all pretrial proceedings.  (ECF No.

7).

On October 29, 2025, the Parties submitted a stipulated order extending the

scheduling order by sixty days.  (ECF No. 24).  Specifically, the fact discovery

deadline was extended to December 15, 2025, and the dispositive motion deadline

was extended to January 20, 2026.  On January 20, 2026, Defendants filed a

motion to compel and adjournment of dates.  (ECF No. 25).  The Court struck the

motion to compel as it was filed beyond the fact discovery deadline and did not request leave to do so.  (ECF No. 26).  The Court further denied Defendants' request for adjournment of dates, with leave to refile, noting that while the motion contained good cause for the need to extend the fact discovery and dispositive motion deadlines, Defendants did not provide a reason as to why the motion was untimely filed as to the fact discovery deadline or show that their failure to file before time had expired is "because of excusable neglect."  *See* Fed. R. Civ. P. 6(b)(1)(B).

Rather than refiling the motion to extend the requested deadlines and providing cause for the untimely filing for the undersigned to consider extending both the fact discovery and dispositive motion deadlines, Defendants opted to file an objection to the undersigned's Order, which will be addressed by the U.S. District Judge.  (ECF No. 28).  Defendants contemporaneously filed the instant motion for leave to file an untimely dispositive motion and addressed the excusable neglect standard pursuant to Fed. R. Civ. P. 6(b)(1)(B).  (ECF No. 29). The Court has already found that Defendants' January 20, 2026, motion seeking an adjournment of dates was timely filed on the deadline for dispositive motions.  It was only untimely as to the fact discovery deadline, and the Court granted leave for Defendants to refile their motion.  (ECF No. 26).  There is therefore no need to address whether Defendants' failure to file the instant motion before time expired

2

was due to excusable neglect, because their request to extend the dispositive motion deadline was already found to have been timely filed, good cause was found to have been shown, and the Court previously granted leave to refile.

Next, Defendants moved for leave to electronically file videos as exhibits to their motion for summary judgment.  (ECF No. 31).  The Court finds that the request for leave to electronically file the exhibits complies with the Court's Electronic Policies and Procedures R19(c) and the videos will be necessary to adjudicate Defendants' motion for summary judgment.

Accordingly, it is **ORDERED** that Defendants' *Motion for Leave of the Court to Accept the Late Filing of Defendants' Summary Judgment* (ECF No. 30) is hereby **GRANTED**, and Defendants' *Motion for Summary Judgment* (ECF No. 32) is **ACCEPTED**.  It is further **ORDERED** that Defendants' *Motion for Leave to File Media Files in Support of Defendants' Motion for Summary Judgment* (ECF No. 31) is hereby **GRANTED**, and the video exhibits must be uploaded **on or before February 16, 2026**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R.

3

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: February 11, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 11, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850

4