UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARTIN-EL,

       Plaintiff,

                                       Case No. 25-cv-10023

v.                                 Honorable Linda V. Parker

LT. A. MILLER & UNIVERSAL
PROTECTION SERVICES, LLC,

       Defendants.

_____/

## OPINION AND ORDER REJECTING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 27, 2026 ORDER AND AFFIRMING DECISION

Plaintiff filed this pro se action against Defendants claiming violations of his civil rights and state law.  The Court has referred the matter for all pretrial proceedings to Magistrate Judge Curtis Ivy, Jr.  (ECF No. 7.)  On March 25, 2025, Magistrate Judge Ivy entered a Case Management and Scheduling Order setting deadlines for fact discovery and dispositive motions.  (ECF No. 16.)  The dates in the order subsequently were extended by stipulation, with a new discovery deadline of December 15, 2025, and a dispositive motion filing deadline of January 20, 2026.  (ECF No. 24.)

On January 20, 2026, Defendants filed a motion to compel Plaintiff's answers to Defendants' discovery and to reappear and answer questions at a

deposition. (ECF No. 25.) Defendants also sought an adjournment of the scheduling order deadlines. (*Id.*) In the motion, Defendants indicated that Plaintiff appeared for his noticed deposition on November 6, 2025, but refused to answer several questions. Defendants further indicated that this "further compounded his prior refusal to fully answer" several of Defendants' interrogatories, which he answered on July 15, 2025.

Magistrate Judge Ivy denied Defendants' motion on January 27, 2026. (ECF No. 26.) Magistrate Judge Ivy reasoned that the motion was filed more than a month after discovery closed on December 15, 2025, and that Defendants failed to provide good cause as to why the motion was untimely filed. (*Id.* at PageID.139.) Magistrate Judge Ivy indicated that if Defendants sought to extend the scheduling order deadlines, they must now demonstrate excusable neglect. (*Id.*)

Defendants filed an objection to Magistrate Judge Ivy's decision on February 10, 2026, arguing that their request to extend the dispositive motion deadline was timely, as it was made before the January 20, 2026 deadline. (ECF No. 28.) Defendants stated that there is good cause to adjourn the dispositive motion deadline, as they have acquired information answering questions Plaintiff refused to which suggest that his claims should be dismissed. Defendants concurrently filed a dispositive motion and requested leave to file it late. (ECF No.

30, 32.)  On February 11, Magistrate Judge Ivy granted Defendants' leave to file the motion.  (ECF No. 34.)

Magistrate Judge Ivy's February 11 decision essentially moots Defendants' objections to his January 27 decision on their motion to compel and adjourn dates. While Magistrate Judge Ivy denied Defendants' request to extend the dispositive motion deadline in the earlier decision, the deadline has now been effectively extended. In any event, and contrary to Defendants' contrary argument, a magistrate judge's decision *on a non-dispositive matter* is reviewed under a "clearly erroneous" or "contrary to law" standard.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  De novo review applies only where objections are filed to a report and recommendation on a *dispositive* matter.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  Magistrate Judge Ivy applied the correct law in denying Defendants' motion to adjourn the scheduling order deadlines, *see* Fed. R. Civ. P. 6(b)(1); Fed. R. Civ. P. 16(b)(4), and did not clearly err in finding that Defendants' failed to show good cause for their untimely request.

Accordingly, the Court **REJECTS** Defendants' objections to Magistrate Judge Ivy's January 27, 2026 decision and **AFFIRMS** the decision.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 17, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 17, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager