UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARTIN-EL,<br><br>Plaintiff,<br>v.<br><br>UNIVERSAL PROTECTION SERVICES, LLC, and ANDRE MILLER,<br><br>Defendants.<br>_______________________________/ | Case No. 2:25-cv-10023<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 32)**

## I. PROCEDURAL HISTORY

Pending before the Court is Defendants Universal Protection Services, LLC, and Andre Miller's *Motion for Summary Judgment* (ECF No. 32). Plaintiff Michael Martin-El filed this pro se action on November 27, 2024, in the Circuit Court for the County of Wayne, State of Michigan, against Defendants Universal Protection Services, LLC ("UPS"), and Andre Miller for violation of his First Amendment rights under 18 U.S.C. §§ 241–242 and 42 U.S.C. § 1983, as well as state-law claims for assault and battery and negligence. (ECF No. 1-1). On January 3, 2025, Defendants removed the case to this Court pursuant to federal question jurisdiction. (ECF No. 1) (citing 28 U.S.C. §§ 1331, 1441, and 1446).

This case was referred to the undersigned for all pretrial matters on January 13, 2025. (ECF No. 7). Plaintiff filed an Amended Complaint on February 5, 2025, to clarify his facts and allegations, but did not add any new claims or defendants. (ECF No. 9). On February 10, 2026, Defendants moved for summary judgment. (ECF No. 32). Defendants' motion is fully briefed and ready for report and recommendation. (ECF Nos. 32, 39–40).

For the reasons below, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED**.

## II. DISPUTED AND UNDISPUTED FACTS

### A. Complaint Allegations

In his unverified Amended Complaint, Plaintiff alleges that he is an independent journalist, and that on August 15, 2024, he was present at the 36th District Court of Michigan in Detroit, Michigan. (ECF No. 9, PageID.41). Plaintiff states that he was there to conduct personal legal business, and that Defendant Miller, who is employed as a security officer for Defendant UPS, engaged in unlawful and aggressive conduct toward Plaintiff. (*Id.*). Plaintiff alleges that Defendant Miller invaded his "personal space without just cause," forcefully grabbed Plaintiff to physically remove him "from the premises against his will," and that the level of force used was "unnecessary, excessive, and constituted assault and battery." (*Id.* at PageID.42). Plaintiff claims that the force

used against him caused him physical pain and emotional distress. (*Id.*). Plaintiff has asserted claims for assault and battery; negligence; and depravation of his constitutional rights, namely a violation of his First Amendment rights because his "rights to freedom of speech, the press, and access to the courts were infringed." (*Id.*). Plaintiff seeks damages in the amount of $875,000 as well as the costs associated with bringing this case. (*Id.* at PageID.43).

**B. Motion for Summary Judgment**

Defendants state that at some point after Plaintiff arrived at the 36th District Court of Michigan he began speaking with court employees and recording his interactions on his cellular telephone. (ECF No. 32, PageID.215). Defendants noticed that Plaintiff was "using his phone to record inside the building and told him he could not do so," but Plaintiff refused to comply and stop his recoding activities. (*Id.*). As a result of Plaintiff's failure to stop recording inside the courthouse, Defendants "removed him from the building by holding his elbow and escorting him outside." (*Id.*). Defendants note that there "were prominent placards placed around the court building explaining that recording and photography are prohibited unless prior consent of everyone [in the] recording is obtained." (*Id.* at PageID.215, 231–33). Defendants submitted an image of the placard as well as a series of images showing their positioning outside the entrance and inside the courthouse. (*Id.* at PageID.219–20, 231–33). According to Defendants, the

placards reflect the policy that while it is permissible to carry portable electronic devices throughout the courthouse, "'[p]hotography, audio and/or video recording, broadcasting or live streaming' is not permitted inside courtrooms without a judge's permission, outside of courtrooms without consent of those being photographed or record, or anywhere a person is called as a witness or juror." (*Id.*). Defendants note that Plaintiff had to walk past the signs to enter the courthouse and that 36th District Court records indicate that Plaintiff has been to the courthouse several times and would be familiar with the policy. (*Id.* at PageID.219–20).

Defendants also submitted three videos of the incident in question, as well as transcripts of the only video that contains audio. (*Id.* at PageID.216, 234–35; ECF No. 35). One video was recorded by Plaintiff on his cellular telephone while recording his interactions in the courthouse and contains audio, while the other two are security footage recordings from two perspectives within the courthouse. (ECF No. 32, PageID.216, 234–35). Defendants state that the incident as reflected in the videos is not in dispute. (*Id.* at PageID.216).

First, Defendants state that Plaintiff is observed in the "security video sitting in a chair near the entrance to the building until the 3:45 mark," interacting with two security guards. (*Id.*). "Around the 3:55:24 mark, Plaintiff gets up and is led to a counter by a woman in a black shirt and light pants," then guards approach

him and he is observed talking to the guards. (*Id.*). More guards approached Plaintiff and at "the 3:57:04 mark, six guards are observed leading Plaintiff outside, with one of the guards on Plaintiff's left side appearing to hold his elbow or upper forearm." (*Id.*). Within a few seconds of escorting Plaintiff outside, "the guards make their way back inside, and Plaintiff stays outside." (*Id.*).

Defendants outline Plaintiff's video as follows:

> Plaintiff's video begins with the camera pointed at his left knee, and indistinct talking is heard from several people in the room. (Exhibit B). At the 0:03 mark, the woman with the dark shirt and light pants approaches Plaintiff and asks if she can help him. Plaintiff asks, "Are you the FOIA coordinator?" (Exhibit B at 0:05). They move somewhere quieter to speak, and the woman identifies herself to Plaintiff. Plaintiff then asks for the "FOIA coordinator – the ADA." (Exhibit B at 0:26 – 0:29). The woman identifies the ADA coordinator, then asks if Plaintiff wants to speak to her, to which he says yes. While the woman asks another person about the ADA coordinator, Plaintiff is heard at the 0:38 mark saying "First Amendment, man." A security guard approaches from the right side of the video and tells Plaintiff that he cannot record in the building. The name tag of the approaching guard shows he is Defendant Miller. (Exhibit B at 0:43). Defendant Miller repeatedly tells Plaintiff that he cannot record in the building, to which Plaintiff continues to argue that it is his First Amendment right to do so. At the 0:56 mark, Defendant Miller, after telling Plaintiff he has to go, states, "I'm asking you nicely to leave now." Plaintiff again repeats it is his First Amendment right to record and says: "You want a lawsuit or something?" (Exhibit B at 1:07). Plaintiff refuses to stop recording and Defendant Miller states at the 1:19 mark "I'm about to grab you up and put you out." Plaintiff responds that it would "be assault too." Defendant Miller and another guard start leading Plaintiff out on either side of him while Plaintiff continues to record them, pointing the camera at their faces. Defendant Miller tells Plaintiff "Get that camera out of my face" and both he and the other guard attempt to block the camera with their hands as they continue walking out.

> (Exhibit B at 1:39-1:43). At the 1:45 mark, Plaintiff remarks, "I'm gonna get paid!" They make their way outside with Plaintiff repeating "That's assault." The guards bring his belongings outside and tell him to get his belongings, but Plaintiff turns the camera to one of the guards and starts asking "What's your name?" (Exhibit B at 2:22). At this point the guard holding Plaintiff's belongings puts them on the ground. Plaintiff then turns around to another guard and tells him "Hey man you bald head ass n*****, you Jefferson ass n*****, you drop my shit. That's assault." The guards then walked back into the building as Plaintiff keeps recording until he turns away.

(*Id.* at PageID.216, 234–35; ECF No. 35).

Defendants state that the "videos show that Plaintiff was recording in the 36th District Court building in violation of the electronic device policy and refused to stop recording or leave when he was instructed to do so," and that "Defendants used minimal and legally acceptable force to remove the Plaintiff when he refused to comply with the policy." (*Id.* at PageID.220).

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

That Plaintiff is *pro se* does not reduce the obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). "Once a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz [v. Sorema, N.A.*, 534 U.S. 506, 512–13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

## IV. ANALYSIS

### A. First Amendment Claim

Defendant argues that Plaintiff's First Amendment claim fails because his claim hinges on the argument that Defendants "did not have a valid reason to remove him from the 36th District Court building and that they used unreasonable force to remove him." (ECF No. 32 at PageID.221.) Defendants note that Plaintiff claims he is an "independent journalist" and that he had a right to record in the courthouse pursuant to the First Amendment. (*Id.*).

Defendants aver that this Court has already addressed a similar issue dealing with an "Electronics Ban Order" that was issued by the chief judge of the Saginaw County Courts. (*Id.*) (citing *McKay v. Federspeil*, 22 F. Supp. 3d 731, 733 (E.D. Mich. 2014)). Defendants note that the electronics ban implicated in *McKay*

included "audio and/or video recording and/or broadcasting" in "court related facilities," which explicitly included "courtrooms, court administrative offices, Friend of the Court offices, probation offices, and related common areas." *Id.* Defendants state that the *McKay* Court found that "there was no First Amendment right implicated by the ban." *Id.* (citing *Chandler v. Florida*, 449 U.S. 560 (1981); *Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115 (M.D. Fla. November 22, 2019) (holding that viewpoint neutral and reasonable ban on audio and visual recording in a city hall building was constitutional)).

Defendants note that the policy at issue here provides that exceptions can be granted by the presiding judge for filming in a courtroom or by seeking permission from the people being recorded outside of a courtroom, and that Plaintiff did not seek permission to record from either. (*Id.* at PageID.222). Defendants also assert that the "36th District Court's policy does not prohibit certain viewpoints from private citizens or the press, rather it places limitations on the content," with exceptions that may be granted." (*Id.*). Defendants aver that they "were enforcing a constitutionally valid and clearly posted and explained policy," and were justified in removing Plaintiff from the building after he refused to cease recording or leave the building when asked. (*Id.*). Defendants argue that Plaintiff was not deprived of his First Amendment rights. (*Id.*).

Plaintiff responds that there is a genuine dispute of material fact as to whether Defendants actions were reasonable or whether a harmful attack as Defendant Miller used physical force to grab and remove Plaintiff from the building. (ECF No. 39, PageID.282). Plaintiff also argues that there is a genuine dispute of material fact as to whether he was deprived his constitutional rights under the First Amendment "as a member of the press and a private citizen petitioning the government." (*Id.*). Plaintiff asserts that "a private entity acting under the color of the law (or in a public building like a courthouse) cannot arbitrarily deprive a citizen" of their rights, thus, a determination of whether "Plaintiff's conduct was protected and whether the Defendants' interference was lawful requires a factual inquiry into the 'scope of employment' and the nature of the 'security' provided that day." (*Id.*).

Plaintiff attached a declaration that indicates he was at the 36th District Court to observe government proceedings as it is "a matter of significant public interest to ensure that judicial proceedings are conducted in accordance with the Constitution of the United States of America and that the government is operating transparently and correctly." (*Id.* at PageID.285). He states that his presences was an exercise of his First Amendment right "to observe public government functions and to petition for a redress of grievance." (*Id.*). Defendant Miller approached Plaintiff and commanded that he stop recording inside the courthouse, and Plaintiff

responded that it was his First Amendment right to record in a public space. (*Id.*). Defendant Miller engaged in non-consensual and offensive physical contact by grabbing his right forearm and smacking the telephone. (*Id.* at PageID.286). Plaintiff states that the force used was enough to cause him immediate pain, despite no actions by Plaintiff to resist or pose a direct threat to Defendant Miller's safety. (*Id.*). Plaintiff asserts that as a result of Defendants' actions, he "felt intimidated and was prevented from exercising [his] First Amendment right to document the activities of public officials in a public building. (*Id.*).

To establish a claim of First Amendment retaliation, a plaintiff must show (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two; in other words, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "Under the third element, 'the subjective motivation of the defendants is at issue.'" *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) (quoting *Thaddeus-X*, 175 F.3d at 399).

This case fails at the first prong because Plaintiff is unable to show that he was engaged in protected conduct and "[a]bsent protected conduct, [Plaintiff] cannot establish a constitutional violation." *Thaddeus-X*, 175 F.3d at 395. The

Sixth Circuit recently addressed whether digital recording in the hallways of a courthouse was protected conduct in a case with similar facts as the case here. Hamilton County, Ohio, enacted a local rule stating that parties could not record "in any courtroom or hearing room, jury room, judge's chambers or ancillary area (to be determined in the sole discretion of the Court) without the express permission of the Court." *Enoch v. Hamilton Cnty. Sheriff's Off.*, No. 22-3946, 2024 WL 3597026, at *4 (6th Cir. July 31, 2024), *cert. denied*, 145 S. Ct. 1429 (2025). The plaintiff was arrested for recording in the hallway and subsequently sued the Sheriff's department arguing "that her recording activities are 'unquestionably protected by the First Amendment under *Richmond Newspapers* and *Enoch I*.'" *Id.* (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 586 (1980); *Enoch v. Hogan*, 728 F. App'x 448, 456 (6th Cir. 2018) ("*Enoch I*")). Following a review of cases cited by the plaintiff, the Sixth Circuit acknowledged that while the right to attend and report on trials or judicial proceedings is protected, "neither the Supreme Court nor our circuit has held that the right to attend judicial proceedings encompasses an unqualified right to record those proceedings or the happenings in courthouse hallways." *Id.*

Having found no unqualified right to such conduct, the court analyzed whether the policy prohibiting such recording withstood the scrutiny demanded by the first amendment forum at issue. *Id.* The Sixth Circuit noted that a courthouse

is a "nonpublic forum" where "'the First Amendment rights of everyone . . . are at their constitutional nadir.'" *Id.* (collecting cases holding that the right to observe court proceedings does not extend to a right to record proceedings) (quoting *Mezibov v. Allen*, 411 F.3d 712, 718 (6th Cir. 2005)). Further, the hallway outside of a courtroom is deemed "a limited public forum," where a person's right to "gather news about matters of public importance could be restricted by regulations that are 'viewpoint neutral and reasonable in the light of the purpose to be served by the forum.'" *Id.* (quoting *Enoch v. Hamilton Cnty. Sheriff's Off.*, 818 F. App'x 398, 405 (6th Cir. 2020) ("*Enoch II*") (citation modified)). The Sixth Circuit noted that when the case was before them on a prior appeal, the court held that the electronic device policy was a "reasonable, viewpoint-neutral restriction," and that the appellant had failed to dispute that holding on the current appeal. *Id.* (citing *Enoch II*, 818 F. App'x at 405) ("The government may restrict speech so long as the restrictions are viewpoint neutral and 'reasonable in the light of the purpose to be served by the forum.'") (quoting *Hartman v. Thompson*, 931 F.3d 471, 479 (6th Cir. 2019) (citation modified)).

The 36th District Court's Electronic Device Policy states, in relevant part, that effective May 1, 2020, "it is permissible to carry portable electronic devices (including cell phones);" but, the following uses are prohibited:

> Photography, audio and/or video recording, broadcasting or live streaming inside of the courtroom unless expressly permitted by the presiding judge.
>
> Photography, audio and/or video recording, broadcasting or live streaming outside of the courtroom without prior consent of the individual(s).
>
> Photography, audio and/or video recording, broadcasting or live streaming outside of any individual called to the Court for jury service or as a witness.

(ECF No. 32, PageID.219, 231–33).

Noticeably absent from Plaintiff's response brief are citations to support his claim that he has an absolute First Amendment right to record inside a courthouse or any argument that the electronic device policy implemented by the 36th District Court is not a "reasonable, viewpoint-neutral restriction" or otherwise unconstitutional. Similarly, his response and sworn declaration lack any assertion that he sought permission to record video from the presiding judge of the judicial proceeding he stated that he intended to observe inside of a courtroom or from the people who he did in fact record in the common area of the courthouse in compliance with the policy. Plaintiff simply asserts a general right to "observe judicial proceedings," "petition the government," and "document the activities of public officials in a public building." (ECF Nos. 9, 39). Observation and documentation of newsworthy information do not require recording, and the policy does not prevent Plaintiff from observing judicial proceedings or to document and

report on what he observed, nor does the policy constrain the content of Plaintiff's reporting, nor has Plaintiff argued that it does. *See Somberg v. Cooper*, 582 F. Supp. 3d 438, 446–47 (E.D. Mich. 2022) (extending the recording ban to virtual/remote proceedings, and finding that individual's ability to request transcripts, attend, observe, and subsequently disseminate a desired message or otherwise comment on the activities of public officials, "demonstrate the courtroom is not closed off to the public and does not interfere with the First Amendment's assurance of a free and open society.").

Plaintiff has failed to establish that the 36th District Court's Electronic Device Policy is not a content-neutral restriction or that he engaged in protected activity. As noted above, the Sixth Circuit has held similar electronic device policies within courthouses to be permissible, content neutral restrictions given the purpose of the forum. *See Enoch II*, 818 F. App'x at 405. As a result, he has failed to show that his recording was protected under the First Amendment. The facts clearly show that Plaintiff was removed from the courthouse for violating a content-neutral restriction on his speech in a limited public forum. Because Plaintiff failed to show that a genuine issue of material fact exists as to whether his recording in the courthouse was a protected conduct, his claim fails as a matter of law and summary judgment for Defendants on Plaintiff's First Amendment retaliation claim is appropriate.

**B. State Law Claims**

If the undersigned's recommendation that summary judgment be granted in favor of Defendants on Plaintiff's federal claim is adopted, then all the federal claims will be dismissed leaving Plaintiff's claims under Michigan law. Given the recommendation to dismiss all the federal claims, the undersigned further recommends that the Court should not exert supplemental jurisdiction over Plaintiff's state-law claims. Under 28 U.S.C. § 1367, a district judge may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]" *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998); *Sharwell v. Selva*, 4 F. App'x 226, 227 (6th Cir. 2001) ("Where a district court has jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits."). Indeed, the Sixth Circuit has repeatedly advised that the district courts should not exercise supplemental jurisdiction over state-law claims where all original jurisdiction claims have been dismissed. *See, e.g., Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir.

2008). The undersigned recommends Plaintiff's state-law assault and battery and negligence claims be dismissed without prejudice or transferred back to the Circuit Court for the County of Wayne, State of Michigan.

## V. RECOMMENDATION

For the reasons set forth above, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's *Motion for Summary Judgment* (ECF No. 32) be **GRANTED**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231, Am. Fed'n of Tchrs., AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: August 4, 2026.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 4, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850