UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARTIN-EL,

Plaintiff,

Case No. 25-cv-10023
Honorable Linda V. Parker

v.

UNIVERSAL PROTECTION SERVICES, LLC and ANDRE MILLER,

Defendants.
_______________________________/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION**

Plaintiff filed this pro se action claiming that Defendants violated his civil rights and state law when they escorted him from a state-court building because he was recording with his cellular phone and refused to stop when told he could not do so. Specifically Plaintiff asserts a violation of his First Amendment rights pursuant to 42 U.S.C. § 1983, violations of 18 U.S.C. §§ 241-242, and state-law claims for assault and battery and negligence. The Court referred the matter for all pretrial proceedings to Magistrate Judge Curtis Ivy, Jr. (ECF No. 7.) Defendants thereafter filed a motion for summary judgment which was fully briefed. (ECF Nos. 32, 39-40.)

On August 4, 2026, Magistrate Judge Ivy issued a Report and Recommendation (R&R), recommending that the Court grant the motion. (ECF No. 41.) Magistrate Judge Ivy concludes that Defendants did not violate Plaintiff's First Amendment rights, as he had no right to record in the court building. Magistrate Judge Ivy further finds that, having dismissed Plaintiff's federal claims, supplemental jurisdiction over his state-law claims should not be exercised. He, therefore, recommends remanding those claims to state court.

At the conclusion of the R&R, Magistrate Judge Ivy advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*) Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Ivy with respect to Plaintiff's First Amendment claim. Magistrate Judge Ivy did not address Plaintiff's claims under 18 U.S.C. §§ 241 or 242, however. Further, the Court disagrees with Magistrate Judge Ivy's recommendation to not exercise supplemental jurisdiction over Plaintiff's state-law claims. Those claims neither raise novel nor complex issues of State law, nor do they predominate over Plaintiff's federal claims.

The Court therefore adopts the R&R to the extent it recommends granting summary judgment to Defendants on Plaintiff's First Amendment claim under § 1983. Defendants also are entitled to summary judgment on Plaintiff's claims under 18 U.S.C. §§ 241 and 242 as these are criminal statutes for which there is no private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim pursuant to §§ 241 and 242 because there is no private right of action under this criminal statute). Lastly, Defendants are entitled to summary judgment on Plaintiff's assault and battery and negligence claims for the reasons discussed below.

"Under Michigan law an assault is 'an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.'" *Bletz v. Gribble*, 641 F.3d 743, 757 (6th Cir. 2011) (quoting *Grawey v. Drury*, 567 F.3d 302, 315 (6th Cir. 2009)); *see also People v. Nickens*, 685 N.W.2d 657, 661 (Mich. 2004). "A battery is defined as 'an unintentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.'" *Id*. (quoting *Grawey*, 567 F.3d at 315); *see also Nickens*, 685 N.W.2d at 661. An officer does not commit an assault or battery when using reasonable force to effectuate an arrest, although the officer may be liable for assault and battery if unjustifiable force is used. *Bennett v. Krakowski*, 671 F.3d 553, 560-61 (6th Cir. 2011), *overruled on other grounds in*

*Odom v. Wayne Cnty.*, 760 N.W.2d 217 (Mich. 2008) (citations omitted); *VanVorous v. Burmeister*, 687 N.W.2d 132, 141 (Mich. Ct. App. 2004) (quoting *Brewer v. Perrin*, 132 Mich.App. 520, 349 N.W.2d 198 (1984)) ("It is well-established in our state's jurisprudence that 'a police officer may use reasonable force when making an arrest.'"). A subjective standard is used when evaluating the officer's actions: did the officer reasonably believe he or she was acting within the scope of his or her authority, and did the officer take the challenged action "in good faith or without malice[.]" *See Bletz*, 641 F.3d at 757 (citing *Odom*, 760 N.W.2d at 228).

A reasonable jury would not be able to conclude that the officers acted in bad faith when they held Plaintiff's arms to escort him from the building. The video recordings of the incident reflect that courthouse security officers repeatedly told Plaintiff he could not record inside the building, asked him to stop, and, when he refused, told him he needed to leave. When Plaintiff argued in response, two officers, one on each side of Plaintiff, took hold of his upper arm and escorted him outside the building. (*See* Ex. C at 7:09-7:19.) The officers released Plaintiff as soon as they exited the building. (*See* Ex. B at 2:19.)

Contrary to Plaintiff's assertion in his response brief, the video evidence does not support his claim that he was "forcefully grabbed," that his phone was "smacked," or that he was "tossed" out of the building. (*See* ECF No. 39 at

PageID.281, 286.) The evidence does not show that excessive force was used or that the touching was harmful or offensive. *See, e.g., Alfatlawi v. Greyhound, Lines*, No. 07-12490, 2008 WL 1947522, at *4 (E.D. Mich. Apr. 29, 2008) (Roberts, J.) (citing *Whitfield v. Meijer, Inc.* No. 242209, 2004 WL 357718, at *2 (Mich. Ct. App. Feb. 26, 2004)) (dismissing the plaintiff's assault and battery claims based on guards taking him by the arms and putting him against a wall after bus driver denied the plaintiff permission to reboard a bus).

Negligence under Michigan law requires proof of a duty owed by the defendant to the plaintiff, breach of that duty, causation, and damages. *Brown v. United States*, 583 F.3d 916, 920 (6th Cir. 2009) (citing *Case v. Consumer Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000)). Whether a duty exists is one of law. *Id.* (citing *Welke v. Kuzilla*, 375 N.W.2d 403 (Mich. Ct. App. 1985)). Plaintiff claims Defendant Universal Protection Services, LLC ("Universal") had a duty "to ensure the safety and security of individuals present on the premises." Plaintiff claims Universal had a duty to properly train, supervise, and manage employees.

"[T]he gravamen of negligent hiring or retention is that the employer bears some responsibility for bringing an employee into contact with a member of the public despite knowledge that doing so was likely to end poorly." *Mueller v. Brannigan Bros. Rests. & Taverns LLC*, 918 N.W.2d 545, 552 (Mich. Ct. App. 2018). "[A] claim of negligent hiring or retention requires actual or constructive

knowledge by the employer that would make the *specific* wrongful conduct perpetrated by an employee predictable." *Id.* Having failed to show that Defendant Miller or any court security officer employed by Universal engaged in wrongful conduct, the Court finds that Universal is entitled to summary judgment on Plaintiff's negligence claim. [1]

In conclusion, for the reasons set forth above, the Court adopts Magistrate Judge Ivy's recommendation to grant summary judgment to Defendants on Plaintiff's First Amendment claim. The Court concludes that Defendants also are entitled to summary judgment on Plaintiff's claims under federal criminal statutes and his state-law assault and battery and negligence claims.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (ECF No. 32) is **GRANTED**.

s/ Linda V. Parker

[1] In his response brief, Plaintiff did not respond to Defendants' arguments regarding his negligence claim. (*See, generally* ECF No. 39.) Therefore, the Court also deems the claim forfeited. *See Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *Clark v. City of Dublin*, 178 F. App'x 522, 525 (6th Cir. 2006) (holding that where the appellant failed to respond to two claims, the appellant abandoned those claims).

LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 25, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 25, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager